# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## BENTON DIVISION

| | |
|---|---|
| MANDY HARGETT | ) |
| Plaintiff, | ) Case: 3:23-cv-02893 |
| v. | ) |
| HIRELEVEL, INC. and READERLINK DISTRIBUTION SERVICES, LLC, | ) |
| Defendants. | ) Jury Trial Demanded |

## COMPLAINT

**NOW COMES** Mandy Hargett ("Plaintiff"), by and through her undersigned counsel, complaining of HireLevel, Inc. ("HLI") and ReaderLink Distribution Services, LLC ("RDS") (collectively, "Defendants") as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this action seeking redress under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. ("Title VII") for sexual harassment, gender-based discrimination, and retaliation for engaging in protected activity under Title VII.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the Civil Rights Act of 1964 is a federal statute.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have been satisfied.

5. Charges of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge were filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). (attached hereto as Exhibits "A" and "B").

6. Plaintiff received a Notice of Right to Sue from the EEOC as to each Defendant on July 31, 2023 (attached hereto as Exhibits "C" and "D"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notices of Right to Sue.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Williamson County, Illinois.

8. HLI is a staffing agency that maintains offices in multiple states, including an office Marion, Illinois.

9. RDS is a prominent book distributor that touts itself as "the largest full-service distributor of hardcover, trade and paperback books to non-trade channel booksellers in North America."[1]

10. Plaintiff was jointly employed by Defendants as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. At all times relevant, HLI had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of

---

[1] www.readerlink.com (last visited August 21, 2023).

Title VII, 42 U.S.C. §2000e(b).

12. At all times relevant, RDS had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

13. Plaintiff was once jointly employed by Defendants as Defendants generally controlled the terms and conditions of Plaintiff's employment.

## FACTUAL ALLEGATIONS

14. Plaintiff was jointly employed by Defendants as a scanner/picker from December 17, 2022 (hire date) until her unlawful termination on February 25, 2023.

15. As a scanner/picker, Plaintiff's duties included, but were not limited to, the following:

- Lift and stock merchandise into bins;
- Properly use the automated voice directed picking system;
- Sticker the correct merchandise as directed; and
- Examine and compares packing sticker against ISBN numbers to ensure delivery accuracy.

16. Plaintiff met or exceeded Defendants' performance expectations during her employment and was never disciplined for any misconduct.

17. Plaintiff is female and is a member of a protected class because of her sex.

18. Throughout Plaintiff's employment, Defendants subjected Plaintiff to different terms and conditions of employment than others not within her protected class and subjected Plaintiff to a hostile work environment and sexual harassment on the basis of sex in violation of Title VII.

19. HLI maintained control and supervision over Plaintiff because HLI vetted Plaintiff for the specific skills and experience that RDS needed to fill a critical internal role in RDS'

3

operations.

20. In December 2022, during Plaintiff's first week at RDS' facility, a male employee grabbed Plaintiff's buttocks as she walked past him.

21. Not surprisingly, the unwanted sexual contact was highly shocking and offensive to Plaintiff.

22. Shortly after the unwanted sexual contact, Plaintiff reported the sexual harassment to RDS' human resources department.

23. Upon information and belief, RDS did not investigate Plaintiff's grievance/report or otherwise take any action to protect Plaintiff from future sexual harassment.

24. A few weeks later, a maintenance worker (male) at RDS' facility followed Plaintiff around and at one point attempted to kiss her.

25. In response, Plaintiff notified the maintenance worker that his sexual advances were not welcomed and requested that the maintenance worker cease his unwelcomed sexual advances.

26. The maintenance worker ignored Plaintiff's request(s) and continued to sexually harass Plaintiff by making offensive comments such as "those jeans look good, I really want to have sex with you."

27. Moreover, on one occasion, the maintenance worker followed Plaintiff to her car and told Plaintiff that he would like to engage in sexual intercourse with Plaintiff in Plaintiff's car.

28. The maintenance worker's escalating sexual harassment caused Plaintiff to fear for her safety while at work and caused Plaintiff extreme mental anguish.

29. On February 25, 2023, as a result of the escalating sexual harassment at RDS' facility, Plaintiff reported the maintenance worker to HLI.

30. A few hours after Plaintiff submitted her report, HLI inexplicably terminated Plaintiff's employment.

31. By terminating Plaintiff a *few hours* after she reported the sexual harassment, it was apparent that the termination was in retaliation for Plaintiff opposing unlawful sexual harassment and for exercising her protected rights.

32. HLI and RDS are joint employers because both Defendants exerted significant control over the same employees, including Plaintiff, the male employee, and the male maintenance worker.

33. Defendants are both liable under Title VII because Plaintiff reported the sexual harassment to both Defendants and neither took any action to protect to Plaintiff or her rights under Title VII.

34. As a result of Plaintiff's termination, Plaintiff suffered adverse employment action for engaging in protected activity.

35. As a direct and proximate result of Defendants' conduct, Plaintiff was repeatedly subjected to sexual harassment, which caused Plaintiff excruciating mental anguish and fear.

36. Moreover as a result of Plaintiff's termination, Plaintiff suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, mental anguish, emotional distress, humiliation, and loss of enjoyment of life.

## COUNT I
**Violation of Title VII of the Civil Rights Act**
**(Sexual Harassment Against Both Defendants)**

37. Plaintiff repeats and re-alleges all the preceding paragraphs as if fully stated

herein.

38. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

39. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's sex, female.

40. Defendants knew or should have known of the sexual harassment as Plaintiff reported the same to each Defendant.

41. The sexual harassment was unwelcomed, objectively offensive, and offended Plaintiff.

42. As set forth above, the sexual harassment was severe or pervasive.

43. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

44. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination Against Both Defendants)

45. Plaintiff repeats and re-alleges all the preceding paragraphs as if fully stated herein.

46. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

47. Plaintiff met or exceeded performance expectations.

48. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

49. Defendants terminated Plaintiff's employment on the basis of Plaintiff's sex.

6

50. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex.

51. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

52. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

53. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

54. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

55. During Plaintiff's employment with Defendants, Plaintiff complained of and reported the sexual harassment to both Defendants.

56. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

57. In response to Plaintiff's complaints, Defendants failed to conduct a prompt, thorough, and reasonable investigation into Plaintiff's complaints of sexual harassment and/or sex-based discrimination.

58. Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and/or harassing conduct complained of by Plaintiff.

59. As set forth above, Defendants unlawfully retaliated against Plaintiff by terminating her within hours of Plaintiff reporting the sexual harassment and/or sex-based discrimination to HLI.

60. As a result, Plaintiff suffered an adverse employment action in retaliation for

engaging in a protected activity.

61. By virtue of the foregoing, Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

62. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

63. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests following relief

    a. Judgment in Plaintiff's favor and against Defendants;

    b. An award of back pay and benefits;

    c. An award of interest on back pay and benefits;

    d. An award of front pay and benefits;

    e. An award of compensatory damages for emotional distress and pain and suffering;

    f. An award of pre-judgment and post-judgment interest;

    g. An award of liquidated damages;

    h. An award of punitive damages;

    i. An award of reasonable attorney's fees and costs; and

    j. Any further relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated:  August 21, 2023                                  Respectfully Submitted,

/s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Phone (630) 575-8180
mbadwan@sulaimanlaw.com
*Counsel for Plaintiffs*