UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Mandy Hargett**, <br><br> Plaintiff, <br><br> v. <br><br> **HireLevel, Inc. and ReaderLink Distribution Services, LLC**, <br><br> Defendants. | Case No. 3:23-cv-02893-SMY <br><br> **Jury Trial Demanded** |

## HIRELEVEL'S ANSWER

COMES NOW Defendant HireLevel, Inc. ("HireLevel" or "Defendant") and states as its answer to the Complaint (Doc. 1):

### NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this action seeking redress under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 et seq. ("Title VII") for sexual harassment, gender-based discrimination, and retaliation for engaging in protected activity under Title VII.

   **Answer: The lawsuit speaks for itself. Defendant denies any liability.**

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the Civil Rights Act of 1964 is a federal statute.

   **Answer: Jurisdiction is a legal conclusion to which no substantive response is required.**

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

   **Answer: Venue is a legal conclusion to which no substantive response is required.**

1

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C.§2000e-5, have been satisfied.

**Answer: Administrative exhaustion is a legal conclusion to which no substantive response is required.**

5. Charges of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge were filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). (attached hereto as Exhibits "A" and "B").

**Answer: Admit.**

6. Plaintiff received a Notice of Right to Sue from the EEOC as to each Defendant on July 31, 2023 (attached hereto as Exhibits "C" and "D"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notices of Right to Sue.

**Answer: Admit.**

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Williamson County, Illinois.

**Answer: Admit that Plaintiff is a natural person over 18 years of age. HireLevel lacks sufficient information to admit or deny where Plaintiff lived at all relevant times.**

8. HLI is a staffing agency that maintains offices in multiple states, including an office Marion, Illinois.

**Answer: Admit.**

9. RDS is a prominent book distributor that touts itself as "the largest full-service distributor of hardcover, trade and paperback books to non-trade channel booksellers in North America."[1]

**Answer: Admit.**

10. Plaintiff was jointly employed by Defendants as an "employee" within the meaning of 42 U.S.C §2000e(f).

**Answer: Paragraph 10 states a legal conclusion to which no substantive response is required. HireLevel denies any allegation inconsistent with the law.**

11. At all times relevant, HLI had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**Answer: HireLevel states that it had at least 15 employees at all relevant times. The remainder of ¶ 11 states a legal conclusion to which no substantive response is required. HireLevel denies any allegation inconsistent with the law.**

12. At all times relevant, RDS had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**Answer: Paragraph 12 states a legal conclusion to which no substantive response is required. HireLevel denies any allegation inconsistent with the law.**

13. Plaintiff was once jointly employed by Defendants as Defendants generally controlled the terms and conditions of Plaintiff's employment.

**Answer: The "jointly employed" issue is a legal conclusion to which no substantive response is required. HireLevel denies any allegation inconsistent with the law.**

---

[1] www.readerlink.com (last visited August 21, 2023).

## FACTUAL ALLEGATIONS

14. Plaintiff was jointly employed by Defendants as a scanner/picker from December 17, 2022 (hire date) until her unlawful termination on February 25, 2023.

**Answer: Deny.**

15. As a scanner/picker, Plaintiff's duties included, but were not limited to, the following:

   a. Lift and stock merchandise into bins;

   b. Properly use the automated voice directed picking system;

   c. Sticker the correct merchandise as directed; and

   d. Examine and compares packing sticker against ISBN numbers to ensure delivery accuracy.

**Answer: Admit.**

16. Plaintiff met or exceeded Defendants' performance expectations during her employment and was never disciplined for any misconduct.

**Answer: Deny.**

17. Plaintiff is female and is a member of a protected class because of her sex.

**Answer: Admit.**

18. Throughout Plaintiff's employment, Defendants subjected Plaintiff to different terms and conditions of employment than others not within her protected class and subjected Plaintiff to a hostile work environment and sexual harassment on the basis of sex in violation of Title VII.

**Answer: Deny.**

19. HLI maintained control and supervision over Plaintiff because HLI vetted Plaintiff for the specific skills and experience that RDS needed to fill a critical internal role in RDS' operations.

**Answer: Deny.**

20. In December 2022, during Plaintiff's first week at RDS' facility, a male employee grabbed Plaintiff's buttocks as she walked past him.

**Answer: HireLevel lacks knowledge or information sufficient to form a belief about ¶ 20 and, therefore, denies it.**

21. Not surprisingly, the unwanted sexual contact was highly shocking and offensive to Plaintiff.

**Answer: HireLevel lacks knowledge or information sufficient to form a belief about ¶ 21 and, therefore, denies it.**

22. Shortly after the unwanted sexual contact, Plaintiff reported the sexual harassment to RDS' human resources department.

**Answer: HireLevel lacks knowledge or information sufficient to form a belief about ¶ 22 and, therefore, denies it.**

23. Upon information and belief, RDS did not investigate Plaintiff's grievance/report or otherwise take any action to protect Plaintiff from future sexual harassment.

**Answer: HireLevel lacks knowledge or information sufficient to form a belief about ¶ 23 and, therefore, denies it.**

24. A few weeks later, a maintenance worker (male) at RDS' facility followed Plaintiff around and at one point attempted to kiss her.

**Answer: HireLevel lacks knowledge or information sufficient to form a belief about ¶ 24 and, therefore, denies it.**

25. In response, Plaintiff notified the maintenance worker that his sexual advances were not welcomed and requested that the maintenance worker cease his unwelcomed sexual advances.

**Answer: HireLevel lacks knowledge or information sufficient to form a belief about ¶ 25 and, therefore, denies it.**

26. The maintenance worker ignored Plaintiff's request(s) and continued to sexually harass Plaintiff by making offensive comments such as "those jeans look good, I really want to have sex with you."

**Answer: HireLevel lacks knowledge or information sufficient to form a belief about ¶ 26 and, therefore, denies it.**

27. Moreover, on one occasion, the maintenance worker followed Plaintiff to her car and told Plaintiff that he would like to engage in sexual intercourse with Plaintiff in Plaintiff's car.

**Answer: HireLevel lacks knowledge or information sufficient to form a belief about ¶ 27 and, therefore, denies it.**

28. The maintenance worker's escalating sexual harassment caused Plaintiff to fear for her safety while at work and caused Plaintiff extreme mental anguish.

**Answer: HireLevel lacks knowledge or information sufficient to form a belief about ¶ 28 and, therefore, denies it.**

29. On February 25, 2023, as a result of the escalating sexual harassment at RDS' facility, Plaintiff reported the maintenance worker to HLI.

**Answer: Deny.**

30. A few hours after Plaintiff submitted her report, HLI inexplicably terminated Plaintiff's employment.

**Answer: Deny.**

31. By terminating Plaintiff a few hours after she reported the sexual harassment, it was apparent that the termination was in retaliation for Plaintiff opposing unlawful sexual harassment and for exercising her protected rights.

**Answer: Deny.**

32. HLI and RDS are joint employers because both Defendants exerted significant control over the same employees, including Plaintiff, the male employee, and the male maintenance worker.

**Answer: Paragraph 32 states a legal conclusion to which no substantive response is required. HireLevel denies any allegation inconsistent with the law.**

33. Defendants are both liable under Title VII because Plaintiff reported the sexual harassment to both Defendants and neither took any action to protect to Plaintiff or her rights under Title VII.

**Answer: Deny.**

34. As a result of Plaintiff's termination, Plaintiff suffered adverse employment action for engaging in protected activity.

**Answer: Deny.**

35. As a direct and proximate result of Defendants' conduct, Plaintiff was repeatedly subjected to sexual harassment, which caused Plaintiff excruciating mental anguish and fear.

**Answer: Deny.**

36. Moreover as a result of Plaintiff's termination, Plaintiff suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, mental anguish, emotional distress, humiliation, and loss of enjoyment of life.

**Answer: Deny.**

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## (SEXUAL HARASSMENT AGAINST BOTH DEFENDANTS)

37. Plaintiff repeats and re-alleges all the preceding paragraphs as if fully stated herein.

**Answer: HireLevel repeats and re-asserts its answers above as if fully stated herein.**

38. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

**Answer: Deny.**

39. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of1964, as amended, 42 U.S.C. §2000e, et seq., due to Plaintiff's sex, female.

**Answer: Admit.**

40. Defendants knew or should have known of the sexual harassment as Plaintiff reported the same to each Defendant.

**Answer: Deny.**

41. The sexual harassment was unwelcomed, objectively offensive, and offended Plaintiff.

**Answer: Deny.**

42. As set forth above, the sexual harassment was severe or pervasive.

**Answer: Deny.**

43. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

**Answer: Deny.**

44. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**Answer: Deny.**

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (SEX-BASED DISCRIMINATION AGAINST BOTH DEFENDANTS)

45. Plaintiff repeats and re-alleges all the preceding paragraphs as if fully stated herein.

**Answer: HireLevel repeats and re-asserts its answers above as if fully stated herein.**

46. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

**Answer: Deny.**

47. Plaintiff met or exceeded performance expectations.

**Answer: Deny.**

48. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

**Answer: Deny.**

49. Defendants terminated Plaintiff's employment on the basis of Plaintiff's sex.

**Answer: Deny.**

50. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex.

**Answer: Admit.**

51. Defendants acted in willful and/or reckless disregard of Plaintiff's protectedrights.

**Answer: Deny.**

52. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**Answer: Deny.**

9

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## (RETALIATION)

53. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

**Answer: HireLevel repeats and re-asserts its answers above as if fully stated herein.**

54. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

**Answer: Admit.**

55. During Plaintiff's employment with Defendants, Plaintiff complained of and reported the sexual harassment to both Defendants.

**Answer: Deny.**

56. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

**Answer: Deny.**

57. In response to Plaintiff's complaints, Defendants failed to conduct a prompt, thorough, and reasonable investigation into Plaintiff's complaints of sexual harassment and/or sex-based discrimination.

**Answer: Deny.**

58. Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and/or harassing conduct complained of by Plaintiff.

**Answer: Deny.**

59. As set forth above, Defendants unlawfully retaliated against Plaintiff by terminating her within hours of Plaintiff reporting the sexual harassment and/or sex-based discrimination to HLI.

**Answer: Deny.**

60. As a result, Plaintiff suffered an adverse employment action in retaliation for engaging in a protected activity.

**Answer: Deny.**

61. By virtue of the foregoing, Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

**Answer: Deny.**

62. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

**Answer: Deny.**

63. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

**Answer: Deny.**

**Further answering, HireLevel denies all allegations not specifically admitted above.**

**Further answering, HireLevel denies that Plaintiff is entitled to any requested relief.**

## AFFIRMATIVE AND OTHER DEFENSES

HireLevel asserts the following defenses without assuming any burdens that would otherwise rest with the Plaintiff. Further, to the extent these defenses are inconsistent with one another or an answer above, HireLevel intends to assert the defense in the alternative, regardless of consistency. Fed. R. Civ. P. 8(d).

A. Plaintiff lost her position on February 21, 2023, before her alleged reporting of wrongdoing to ReaderLink. Thus, Plaintiff's retaliation claim fails.

B. Plaintiff lost her position on February 21, 2023, because of attendance issues that had nothing to do with her protected class. In fact, in the same email terminating Plaintiff, ReaderLink terminated other employees (male) for the same reason — attendance.

    C.    To the extent Plaintiff did not find any conduct unwelcome, Plaintiff cannot prove a harassment claim.

    D.    The alleged harassers were not Plaintiff's supervisors. Thus, Defendant is not liable for his harassment (assuming falsely it exists) unless Defendant was "negligent in failing to prevent harassment from taking place." *Vance v. Ball State Univ.*, 570 U.S. 421, 448 (2013). Defendant was not negligent in failing to prevent harassment.

    E.    The alleged harassment was neither severe nor pervasive. Petty slights, minor annoyances, and a lack of manners do not support a harassment claim.

    F.    The alleged work environment was neither objectively nor subjectively hostile.

    G.    *Faragher-Ellerth defense to the harassment claims*: Defendant exercised reasonable care to prevent and promptly correct any harassing behavior, Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant. Evidence of Plaintiff's failure to report includes, but is not limited to, (1) Plaintiff's sexual harassment training; and (2) Defendant's harassment policy (signed by Plaintiff) that prescribes a complaint process, including providing phone numbers for Defendant's HR manager and the Director of Compliance and Risk.

    H.    The equitable defenses of laches, equitable estoppel, and unclean hands preclude Plaintiff's claims.

    I.    *Liability caps*: Assuming falsely liability exists, Plaintiff's liability is limited by 42 U.S.C. § 1981a(b)(3).

    J.    *Kolstad good-faith defense*: Assuming falsely liability exists, Defendant has, at all relevant times, given a good-faith effort to comply with anti-discrimination laws, which is a defense against punitive damages.

K. *After-acquired evidence*: Assuming falsely liability exists, Defendant may discover evidence of Plaintiff's wrongdoing that would have been legitimate grounds for discharge, which would make Plaintiff ineligible for the remedies of front pay and reinstatement.

L. *Mixed motive defense*: Assuming falsely liability exists, Defendant may avoid liability for back pay and punitive damages by demonstrating, by a preponderance of the evidence, that it would have taken the same action in the absence of a discriminatory motive. 42 U.S.C. § 2000e-5(g)(2)(B).

M. *Failure to mitigate*: Assuming falsely liability exists, Defendant failed to mitigate her damages by using reasonable diligence to find other suitable employment. *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 (1982).

N. Defendant requests that the Court exercise its discretion to award it prevailing party attorney's fees. 42 USCS § 2000e-5(k).

O. Defendant reserves the right to amend or supplement its defenses as additional facts are learned in discovery.

WHEREFORE, having fully answered the Complaint and asserted its defenses, Defendant HireLevel, Inc. prays for an order dismissing the Complaint with prejudice or entering judgment in its favor. Defendant further prays for costs, attorney's fees, and other relief deemed just and proper.

        SANDBERG PHOENIX & von GONTARD, P.C.

By:    */s/ Zachary S. Merkle*
John Gilbert, # 954101
Zachary S. Merkle, # 6322707
600 Washington Ave. — 15th Floor
St. Louis, MO 63101
314-231-3332
314-241-7604 (fax)
jgilbert@sandbergphoenix.com
zmerkle@sandbergphoenix.com

**Attorneys for HireLevel, Inc.**

## CERTIFICATE OF SERVICE

The undersigned certifies that, on October 18, 2023, service of this document (including exhibits and attachments, if any) was made on all counsel of record via this Court's e-filing system.

        */s/ Zachary S. Merkle*