UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| MANDY HARGETT,<br><br>*Plaintiff,*<br><br>vs.<br><br>HIRELEVEL, INC. and READERLINK DISTRIBUTION SERVICES, LLC,<br><br>*Defendants.* | Case No. 3:23-cv-02893<br><br>Judge Staci M. Yandle |

### DEFENDANT READERLINK DISTRIBUTION SERVICES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Readerlink Distribution Services, LLC ("Readerlink"), respectfully moves this Court for an Order dismissing Plaintiff Mandy Hargett's ("Plaintiff") Complaint (the "Complaint") as to Defendant Readerlink, without prejudice, as Plaintiff has pleaded no facts establishing that Readerlink ever employed Plaintiff.  In support of this Motion, Readerlink states as follows:

**I.   BRIEF FACTUAL BACKGROUND**

1.   Plaintiff's Complaint asserts three causes of action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"): (1) a claim of sexual harassment in Count I; (2) a claim of sex-based discrimination in Count II; and (3) a claim of retaliation in Count III.  (Compl. [Dkt. 1].)

2.   The Complaint names as defendants HireLevel, Inc. ("HireLevel") and Readerlink (collectively, "Defendants").  Plaintiff alleges in conclusory fashion that she "was jointly employed by Defendants as an 'employee' within the meaning of 42 U.S.C. §2000e(f)."  (Compl., ¶ 10.)  The Complaint further alleges, without support, that "Defendants generally controlled the

terms and conditions of Plaintiff's employment" (Compl., ¶ 13) and "exerted significant control over the same employees, including Plaintiff" and the two employees Plaintiff alleges engaged in the purported conduct at-issue in the Complaint (Compl., ¶ 32). However, beyond these conclusory allegations, the Complaint lacks any factual allegations to support Plaintiff's claim that Readerlink was her employer, as she cannot allege such facts in good faith.

3. Rather than provide any detail as to the nature or extent of Plaintiff's alleged employment relationship with Readerlink (because no such relationship exists), and despite Plaintiff's express admission that HireLevel is the staffing agency that "maintained control and supervision over Plaintiff" (Compl., ¶¶ 8, 19) and "inexplicably terminated Plaintiff's employment" after she submitted a report of sexual harassment (Compl., ¶ 30), the Complaint seeks to lump both Defendants together, alleging that "Plaintiff was jointly employed by Defendants as a scanner/picker…." (Compl., ¶ 14).

4. However, as explained in greater detail below, the Complaint's bareboned allegations are woefully deficient. Plaintiff has not pleaded (nor can she plead) any facts to support the existence of an employment relationship with Readerlink. Accordingly, the Complaint must be dismissed for failure to state a claim.

## II.     LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss challenges a plaintiff's complaint as failing to sufficiently state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). Under applicable notice-pleading standards, a complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2). Although a complaint need not provide detailed factual allegations, "a plaintiff's obligation to provide the grounds of [his] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Bell Atlantic*, 355 U.S. at 555. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). A claim is facially viable "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Here, Plaintiff's conclusory Complaint allegations fail to state a viable claim for Plaintiff to proceed with her Title VII claims as to Readerlink.

### III. THE COMPLAINT MUST BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM AGAINST READERLINK

The Complaint purports to assert Title VII claims for sexual harassment, gender discrimination and retaliation against Readerlink for the actions and conduct of Plaintiff's employer, HireLevel. In support of her claims, Plaintiff asserts in conclusory fashion that she "was jointly employed" by both Defendants. (Compl., ¶ 10.) However, Plaintiff's claims as to Readerlink should be dismissed because Plaintiff has failed to allege sufficient facts demonstrating that Readerlink employed Plaintiff.

To maintain claims of Title VII harassment and/or retaliation, a plaintiff must allege "the existence of an employer-employee relationship." *Claussen v. Muchowski*, No. 21 CV 05316, 2022 U.S. Dist. LEXIS 173680, at *5 (N.D. Ill. Sep. 26, 2022) (citing *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015)). Moreover, while an employee may bring a Title VII claim against her direct employer, she can only bring a claim against an indirect employer "if the indirect employer qualifies as a joint employer." *Id.* (internal quotations omitted).

For purposes of Title VII, the courts consider the following five (5) factors when determining whether an entity is a joint employer: "(1) the extent of the [entity's] control and

supervision over the employee; (2) the kind of occupation and nature of skill required, including whether skills were acquired on the job; (3) the [entity's] responsibility for the costs of operation; (4) the method and form of payment and benefits; and (5) the length of the job commitment." *Love*, 779 F.3d at 702 (citing *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 378-79 (7th Cir. 1991)). The foregoing factors provide a structured framework for determining "whether the putative employer exercised sufficient control, and whether the 'economic realities' are such that the putative employer can be held liable under Title VII." *Id.* Here, Plaintiff has failed to allege sufficient facts to establish the existence of an employer-employee relationship between Readerlink and Plaintiff.

The Complaint is devoid of any facts to establish that Plaintiff was ever employed by Readerlink. In particular, the Complaint lacks any factual allegations regarding the economic reality of the relationship between Plaintiff and Readerlink, including, for instance, the extent of Readerlink's control and supervision over Plaintiff, the kind of occupation and nature of skill required for Plaintiff's position, whether Readerlink had responsibility for the costs of operation, the method and form of payment and benefits which Plaintiff received, or the length of the job commitment. *See Love*, 779 F.3d at 702 (citing *Knight*, 950 F.2d at 378-79). Absent such allegations, the Complaint fails to establish the existence of the employment relationship required to maintain Plaintiff's claims under Title VII. *See Claussen*, 2022 U.S. Dist. LEXIS 173680, at *9 (N.D. Ill. Sep. 26, 2022) ("Plaintiff's Complaint alleges no facts to shed light on Knight's five factors or suggest how Farmers exercised any control over her, let alone "significant" control. … Instead, her Complaint simply alleges in conclusory fashion that Muchowski and Farmers both employed her. This does not suffice."); *Ashley v. Morrison Management Specialists Inc.*, No. 22 C 5606, 2023 U.S. Dist. LEXIS 141002, at *7 (N.D. Ill. Aug. 11, 2023) (dismissing Title VII

claims because none of [the complaint] allegations support the conclusion that Cook County exercised control over her work as a cashier in the hospital cafeteria").

Rather than allege *any* facts as to the nature or extent of an employment relationship with Readerlink, the Complaint principally relies on unsupported legal conclusions. For instance, the Complaint simply asserts, without any supporting detail, that Plaintiff was "jointly employed by Defendants as an 'employee' within the meaning of 42 U.S.C. § 2000e(f)" (Compl., ¶ 10), that "Defendants generally controlled the terms and conditions of Plaintiff's employment" (Compl., ¶ 13), and that "both Defendants exerted significant control over the same employees, including Plaintiff…." (Compl., ¶ 32). However, these sorts of conclusory allegations are not entitled to a presumption of truth and are insufficient to establish a joint-employer relationship. *See Claussen*, 2022 U.S. Dist. LEXIS 173680, at *10 (dismissing defendant based on plaintiff's theory of joint employment where the "Complaint simply allege[d] in conclusory fashion that [defendants] both employed her"); *Gross v. Peoples Gas Light & Coke Co.*, 2018 U.S. Dist. LEXIS 10985, at *11-12 (N.D. Ill. Jan. 24, 2018) (dismissing defendant based on plaintiff's theory of joint employment because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Shah v. Littelfuse Inc.*, 2013 U.S. Dist. LEXIS 61081, at *10 (N.D. Ill. Apr. 29, 2013) (plaintiff's allegation that the defendants "were [his] joint employer … under Title VII" was "insufficient to withstand a Rule 12(b)(6) motion").

Moreover, the only specific, non-conclusory facts in the Complaint as to Readerlink—namely, that Plaintiff purportedly reported an incident of alleged sexual harassment and that, on information and belief, Readerlink failed to investigate or take other corrective action (Compl., ¶¶ 22-23)—do not support holding Readerlink liable as an employer under Title VII. At best, these allegations suggest that Readerlink maintained some administrative involvement in Plaintiff's

employment, which is insufficient to establish a joint employment relationship. See *Shah*, 2013 U.S. Dist. LEXIS 61081, at *11 ("A plaintiff cannot maintain a valid Title VII claim against a defendant based solely on the defendant's involvement in administrative tasks related to the plaintiff's employment."); *Garzon v. Arrowmark Colo. Holdings, LLC*, 2017 U.S. Dist. LEXIS 208889, *8 (N.D. Ill. Dec. 20, 2017) (dismissing joint employer claims where the complaint alleged that "Garzon sent a single email to Jepson complaining about the harassment" because "[i]nstead of alleging control, these assertions offend the basic principle that '[a] plaintiff cannot maintain a valid Title VII claim against a defendant based on the defendant's involvement in administrative tasks related to the plaintiff's employment'").

Simply put, the Complaint fails to state a viable claim with respect to Readerlink because it contains no specific allegations demonstrating Plaintiff's employment relationship with Readerlink. *See Gross*, 2018 U.S. Dist. LEXIS 10985, at *8 (dismissing joint-employer Title VII claims where "[n]umerous cases establish that the omission of … key information from a complaint is an indicia of artful pleading, rather than a good faith effort to provide fair notice of a claim") (citing *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, No. 17 C 1619, 2017 U.S. Dist. LEXIS 202270, 2017 WL 6878099, at *4-6 (N.D. Ill. Dec. 8, 2017) & *Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 10 & n.10 (1st Cir. 2012)). Accordingly, the Complaint fails to state viable claims as to Readerlink under Title VII and must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Defendant Readerlink Distribution Services, LLC respectfully requests that this Court dismiss, without prejudice, Plaintiff's Complaint as to Readerlink pursuant to Rule 12(b)(6).

|  |  |
|---|---|
| Dated: October 18, 2023 | Respectfully submitted, |
|  | **READERLINK DISTRIBUTION SERVICES, LLC.** |
|  | */s/ Alexis M. Dominguez* |
|  | Alexis M. Dominguez<br>adominguez@nge.com<br>NEAL, GERBER & EISENBERG LLP<br>Two North LaSalle Street<br>Suite 1700<br>Chicago, IL  60602-3801<br>(312) 269-8000 |
|  | *Counsel for Defendant Readerlink Distribution Services, LLC* |

-8-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this 18th day of October, 2023, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to all counsel of record.

*/s/ Alexis M. Dominguez*
Counsel for Defendant