**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MANDY HARGETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 23-CV-2893-SMY |
| | ) |
| HIRELEVEL, INC., and READERLINK | ) |
| DISTRIBUTION SERVICES, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Readerlink Distribution Services, LLC's motion to dismiss (Doc. 25). Plaintiff did not respond to the motion, but instead, moved to amend her Complaint (Doc. 28). For the following reasons, the Motion to Dismiss is **DENIED** and the Motion to Amend is **GRANTED**.

### The Complaint

Plaintiff Mandy Hargett makes the following allegations in the Complaint (Doc. 1): She was a scanner/picker who was "jointly employed" by Defendant Hirelevel, Inc. and ReaderLink from December 17, 2022 to February 25, 2023. Hirelevel is a staffing agency and Readerlink is a "prominent book distributor." Hirelevel vetted her for the position and she worked at Readerlink's facility. Plaintiff's job duties involved stocking, picking, and packing merchandise.

On or about December 2022, while Plaintiff worked at Readerlink's facility, a male employee inappropriately touched Plaintiff. She reported the incident to Readerlink's human resources, but they "did not investigate Plaintiff's grievance/report or otherwise take any action to protect Plaintiff from future sexual harassment" (Doc. 1, ¶ 23). Several weeks later, a maintenance worker at Readerlink's facility tried to kiss Plaintiff and made unwanted advances toward her.

When Plaintiff reported these incidents to Hirelevel, she was terminated a few hours later. "[Hirelevel] and [Readerlink] are joint employers because both Defendants exerted significant control over the same employees, including Plaintiff, the male employee, and the male maintenance worker" (Doc. 1, ¶ 32). Plaintiff asserts claims for violations of Title VII for Sexual Harassment, Sex-Based Discrimination, and Retaliation (Counts I-III).

## Discussion

Defendant Readerlink moves to dismiss Counts I-III against it pursuant to *F.R.C.P.* 12(b)(6) for failure to state a claim. To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a Complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.,* 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Court draws all reasonable inferences and facts in favor of the nonmovant. *See Vesely v. Armslist LLC,* 762 F.3d 661, 664 (7th Cir. 2014). Additionally, under Rule 8(a)(2), a Complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[giving] the defendant fair notice of what the claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555 (citation omitted).

To state a viable Title VII claim, a plaintiff must allege an employer-employee relationship with the defendant. *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015). Readerlink asserts that Counts I-III against it should be dismissed under Rule 12(b)(6) because Plaintiff failed to sufficiently allege that it employed her. Multiple entities can be considered an employee's "employer" for Title VII liability. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1088 (7th Cir. 2008)

quoting *Worth v. Tyer,* 276 F.3d 249, 259 (7th Cir. 2001) ("any of the Affiliates that possibly maintained an employment relationship with Worth may be named as a defendant under Title VII"). Relatedly, affiliated corporate entities may be proper Title VII defendants, particularly if the affiliate directed the discriminatory act, practice, or policy. *Id.* To state an employment discrimination claim against a joint employer, a plaintiff must sufficiently allege that the joint employer knew of the discrimination and failed to take reasonable corrective action within its control. *Whitaker v. Milwaukee Cnty.*, 772 F.3d 802, 810 (7th Cir. 2014).

Here, Plaintiff alleges that two employers knew about her harassment and discrimination. Specifically, she alleges that she worked at Readerlink's facility, that her duties consisted of shipping and packing Readerlink's merchandise, that Readerlink exerted control over her and the employee who harassed her, and that she complained to Readerlink's human resources department about harassment. That is sufficient at the pleading stage to allege a plausible employment relationship with Readerlink and potential affiliate/joint employer Title VII liability.

Accordingly, the Motion to Dismiss (Doc. 25) is **DENIED**. Plaintiff's Motion to Amend (Doc. 28) is **GRANTED;** Plaintiff may file her proposed amended complaint (Doc. 28-1) *instanter*.

**IT IS SO ORDERED.**

**DATED:  November 22, 2023**

**STACI M. YANDLE**
**United States District Judge**