# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# BENTON DIVISION

| | |
|---|---|
| MANDY HARGETT,<br><br>            Plaintiff,<br><br>   v.<br><br>HIRELEVEL, INC. and READERLINK DISTRIBUTION SERVICES, LLC,<br><br>            Defendant. | Case: 3:23-cv-02893<br><br>Judge Staci M. Yandle |

## DEFENDANT READERLINK DISTRIBUTION SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendant Readerlink Distribution Services, LLC ("Readerlink"), by and through its counsel, Neal, Gerber & Eisenberg LLP, for its Answer and Affirmative Defenses to the First Amended Complaint (the "Complaint") filed by Plaintiff Mandy Hargett ("Plaintiff"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this action seeking redress under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 et seq. ("Title VII") for sexual harassment, gender-based discrimination, and retaliation for engaging in protected activity under Title VII.

**ANSWER:** Readerlink admits that Plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), but denies that it has violated Title VII, and denies any remaining allegations contained in Paragraph 1.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the Civil Rights Act of 1964 is a federal statute.

**ANSWER:** Readerlink admits that Plaintiff purports to assert claims under Title VII, but denies that it has violated Title VII. Answering further, Readerlink denies that this Court has jurisdiction over Plaintiff's claims directed to Readerlink as Plaintiff was not employed by Readerlink and therefore has no standing under Title VII

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**ANSWER:** Readerlink admits that venue is proper in this Court, but denies that it has engaged in any unlawful employment practices. Readerlink denies the remaining allegations contained in Paragraph 3.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have been satisfied.

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, Readerlink denies the allegations contained in Paragraph 4.

5. Charges of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge were filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). (attached hereto as Exhibits "A" and "B").

**ANSWER:** Readerlink admits that Plaintiff filed a Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"), copies of which are attached as Exhibits A and B to her Complaint. Readerlink denies any remaining allegations contained in Paragraph 5.

6. Plaintiff received a Notice of Right to Sue from the EEOC as to each Defendant on July 31, 2023 (attached hereto as Exhibits "C" and "D"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notices of Right to Sue.

**ANSWER:** Readerlink admits that the EEOC issued Notices of Right to Sue to Plaintiff. Readerlink further admits that Plaintiff attached copies of the Notices of Right to Sue as Exhibits C and D to the Complaint. Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the date on which Plaintiff received the Notices of Right to Sue.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Williamson County, Illinois.

**ANSWER:** Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 7, and therefore, denies them.

8. HLI is a staffing agency that maintains offices in multiple states, including an office Marion, Illinois.

**ANSWER:** Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 that are not directed to it, and therefore, denies them.

9. RDS is a prominent book distributor that touts itself as "the largest full-service distributor of hardcover, trade and paperback books to non-trade channel booksellers in North America."

FN1: www.readerlink.com (last visited August 21, 2023).

**ANSWER:** Readerlink admits the allegations contained in Paragraph 9.

10. Plaintiff was jointly employed by Defendants as an "employee" within the meaning of 42 U.S.C §2000e(f).

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, Readerlink denies the allegations contained in Paragraph 10.

11. At all times relevant, HLI had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**ANSWER:** Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11, and therefore, denies them.

12. At all times relevant, RDS had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, Readerlink admits that it is subject to Title VII.

13. Plaintiff was once jointly employed by Defendants as both Defendants had extensive control over the terms and conditions of Plaintiff's employment.

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, Readerlink denies the allegations contained in Paragraph 13.

## FACTUAL ALLEGATIONS

14. Plaintiff was jointly employed by Defendants as a scanner/picker from December 17, 2022 (hire date) until her unlawful termination on February 25, 2023.

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, Readerlink denies the allegations contained in Paragraph 14.

15. As a scanner/picker, Plaintiff's duties included, but were not limited to, the following:

- Lift and stock merchandise into bins;
- Properly use the automated voice directed picking system;
- Sticker the correct merchandise as directed; and
- Examine and compares packing sticker against ISBN numbers to ensure delivery accuracy.

**ANSWER:** Readerlink admits that Plaintiff performed services for Readerlink as a temporary laborer employed by Defendant HireLevel, Inc. ("HLI"). Readerlink denies the remaining the allegations contained in Paragraph 15.

16. Plaintiff met or exceeded Defendants' performance expectations during her employment and was never disciplined for any misconduct.

**ANSWER:** Readerlink denies the allegations in Paragraph 16 that are directed to it. Answering further, Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations that are not directed to it, and therefore, denies them.

17. Plaintiff is female and is a member of a protected class because of her sex.

**ANSWER:** Readerlink admits that Plaintiff is female. The remaining allegations set forth a legal conclusion to which no response is required.

18. Throughout Plaintiff's employment, Defendants subjected Plaintiff to different terms and conditions of employment than others not within her protected class and subjected Plaintiff to a hostile work environment and sexual harassment on the basis of sex in violation of Title VII.

**ANSWER:** Readerlink denies the allegations in Paragraph 16 that are directed to it. Answering further, Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations that are not directed to it, and therefore, denies them.

19. HLI maintained control and supervision over Plaintiff because as a staffing agency, HLI was in control of finding job placements and job opportunities for Plaintiff, decided which jobs were presented and offered to Plaintiff, acted as a liaison between Plaintiff and RDS, and communicated on behalf of Plaintiff.

**ANSWER:** Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19, and therefore, denies them.

20. Additionally, HLI maintained control and supervision over Plaintiff because HLI initially vetted Plaintiff for the specific skills and experience that RDS needed to fill a critical internal role in RDS' operations.

**ANSWER:** Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20, and therefore, denies them.

21. RDS also exercised significant control and supervision over Plaintiff, as Plaintiff worked in RDS' facility under the supervision of RDS managers.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 21.

22. Additionally, RDS vetted and trained Plaintiff for the specific skills and experience that RDS needed to fill a critical internal role in their operations.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 22.

23. Further, RDS assigned Plaintiff day-to-day tasks and job responsibilities, oversaw Plaintiff's carrying out of these duties, controlled and issued her schedule, bore the costs of operation of the facility in which Plaintiff worked, promulgated policies and procedures that Plaintiff was subject to, and had the ability to determine the length of Plaintiff's job commitment.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 23.

24. In December 2022, during Plaintiff's first week at RDS' facility, a male employee grabbed Plaintiff's buttocks as she walked past him.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 24.

25. Not surprisingly, the unwanted sexual contact was highly shocking and offensive to Plaintiff.

**ANSWER:** Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 25, and therefore, denies them.

26. Shortly after the unwanted sexual contact, Plaintiff reported the sexual harassment to RDS' human resources department.

**ANSWER:** Readerlink admits that Plaintiff submitted a complaint but denies that Plaintiff was subjected to unlawful harassment. Further answering, Readerlink took all appropriate actions to investigate and resolve Plaintiff's allegations of harassment. Readerlink denies the remaining allegations contained in Paragraph 26.

27. Upon information and belief, RDS did not investigate Plaintiff's grievance/report or otherwise take any action to protect Plaintiff from future sexual harassment.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 27.

28. A few weeks later, a maintenance worker (male) at RDS' facility followed Plaintiff around and at one point attempted to kiss her.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 28.

29. In response, Plaintiff notified the maintenance worker that his sexual advances were not welcomed and requested that the maintenance worker cease his unwelcomed sexual advances.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 29.

30. The maintenance worker ignored Plaintiff's request(s) and continued to sexually harass Plaintiff by making offensive comments such as "those jeans look good, I really want to have sex with you."

**ANSWER:** Readerlink denies the allegations contained in Paragraph 30.

31. Moreover, on one occasion, the maintenance worker followed Plaintiff to her car and told Plaintiff that he would like to engage in sexual intercourse with Plaintiff in Plaintiff's car.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 31.

32. The maintenance worker's escalating sexual harassment caused Plaintiff to fear for her safety while at work and caused Plaintiff extreme mental anguish.

**ANSWER:** Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 32, and therefore, denies them.

33. On February 25, 2023, as a result of the escalating sexual harassment at RDS' facility and RDS' failure to take any corrective action, Plaintiff reported the maintenance worker to HLI.

**ANSWER:** Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 33, and therefore, denies them.

34. A few hours after Plaintiff submitted her report, HLI inexplicably terminated Plaintiff's employment.

**ANSWER:** Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 34, and therefore, denies them.

35. By terminating Plaintiff a few hours after she reported the sexual harassment, it was apparent that the termination was in retaliation for Plaintiff opposing unlawful sexual harassment and for exercising her protected rights.

**ANSWER:** Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 35, and therefore, denies them.

36. HLI and RDS are joint employers because both Defendants exerted significant control over the same employees, including Plaintiff, the male employee, and the male maintenance worker.

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, Readerlink denies the allegations contained in Paragraph 36.

37. Defendants are both liable under Title VII because Plaintiff reported the sexual harassment to both Defendants and neither took any action to protect to Plaintiff or her rights under Title VII.

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, Readerlink denies the allegations contained in Paragraph 37.

38. As a result of Plaintiff's termination, Plaintiff suffered adverse employment action for engaging in protected activity.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 38.

39. As a direct and proximate result of Defendants' conduct, Plaintiff was repeatedly subjected to sexual harassment, which caused Plaintiff excruciating mental anguish and fear.

**ANSWER:** Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding Plaintiff's state of mind, and therefore, denies them. Readerlink denies the remaining allegations contained in Paragraph 39.

40. Moreover as a result of Plaintiff's termination, Plaintiff suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, mental anguish, emotional distress, humiliation, and loss of enjoyment of life.

**ANSWER:** Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 40, and therefore, denies them.

# COUNT I
## Violation of Title VII of the Civil Rights Act
### (Sexual Harassment Against Both Defendants)

41. Plaintiff repeats and re-alleges all the preceding paragraphs as if fully stated herein.

**ANSWER:** Readerlink incorporates its answers to the allegations set forth in Paragraphs 1-40 as if set forth fully in response to this Paragraph 41.

42. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, Readerlink denies the allegations contained in Paragraph 42.

43. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., due to Plaintiff's sex, female.

**ANSWER:** Readerlink admits that Plaintiff is a female. The remaining allegations set forth a legal conclusion to which no response is required.

44. Defendants knew or should have known of the sexual harassment as Plaintiff reported the same to each Defendant.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 44 that are directed to it. Answering further, Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 44 that are not directed to it and therefore, denies them.

45. The sexual harassment was unwelcomed, objectively offensive, and offended Plaintiff.

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, Readerlink denies the allegations contained in Paragraph 45.

46. As set forth above, the sexual harassment was severe or pervasive.

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, Readerlink denies the allegations contained in Paragraph 46.

47. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, Readerlink denies the allegations contained in Paragraph 47 that are directed to it. Answering further, Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 47 that are not directed to it, and therefore, denies them.

48. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 48.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination Against Both Defendants)

49. Plaintiff repeats and re-alleges all the preceding paragraphs as if fully stated herein.

**ANSWER:** Readerlink incorporates its answers to the allegations set forth in Paragraphs 1-48 as if set forth fully in response to this Paragraph 49.

50. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, Readerlink denies the allegations contained in Paragraph 50.

51. Plaintiff met or exceeded performance expectations.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 51.

52. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 52.

53. Defendants terminated Plaintiff's employment on the basis of Plaintiff's sex.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 53.

54. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex.

**ANSWER:** Readerlink admits that Plaintiff is a female. The remaining allegations set forth a legal conclusion to which no response is required.

55. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, Readerlink denies the allegations contained in Paragraph 55.

56. As set forth above, Plaintiff suffered damages as a result of Defendant's [sic] conduct.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 56.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

57. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

**ANSWER:** Readerlink incorporates its answers to the allegations set forth in Paragraphs 1-56 as if set forth fully in response to this Paragraph 57.

58. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

**ANSWER:** Readerlink admits that Plaintiff is a female. The remaining allegations set forth a legal conclusion to which no response is required.

59. During Plaintiff's employment with Defendants, Plaintiff complained of and reported the sexual harassment to both Defendants.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 59 that are directed to it. Answering further, Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 59 that are not directed to it, and therefore, denies them.

60. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, Readerlink denies the allegations contained in Paragraph 60.

61. In response to Plaintiff's complaints, Defendants failed to conduct a prompt, thorough, and reasonable investigation into Plaintiff's complaints of sexual harassment and/or sex-based discrimination.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 61 that are directed to it. Answering further, Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 61 that are not directed to it, and therefore, denies them.

62. Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and/or harassing conduct complained of by Plaintiff.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 62 that are directed to it. Answering further, Readerlink lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 62 that are not directed to it, and therefore, denies them.

63. As set forth above, Defendants unlawfully retaliated against Plaintiff by terminating her within hours of Plaintiff reporting the sexual harassment and/or sex-based discrimination to HLI, and after her reporting the harassment and discrimination to RDS.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 63.

64. As a result, Plaintiff suffered an adverse employment action in retaliation for engaging in a protected activity.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 64.

65. By virtue of the foregoing, Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, Readerlink denies the allegations contained in Paragraph 65.

66. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, Readerlink denies the allegations contained in Paragraph 66.

67. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

**ANSWER:** Readerlink denies the allegations contained in Paragraph 67.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff requests [sic] following relief

a. Judgment in Plaintiff's favor and against Defendants;

b. An award of back pay and benefits;

c. An award of interest on back pay and benefits;

d. An award of front pay and benefits;

e. An award of compensatory damages for emotional distress and pain and suffering;

f. An award of pre-judgment and post-judgment interest;

g. An award of liquidated damages;

h. An award of punitive damages;

i. An award of reasonable attorneys' fees and costs; and

j. Any further relief this Court may deem just and equitable.

**ANSWER:** Readerlink denies that Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs [sic] demand a trial by jury.

**ANSWER:** Readerlink admits that Plaintiff has requested a trial by jury.

# **AFFIRMATIVE DEFENSES**

For its Affirmative Defenses, Readerlink states as follows:

1. The Court lacks jurisdiction over Plaintiff's claims because she was not employed by Readerlink and therefore has no standing under Title VII.

2. Plaintiff was employed by HLI only, and, therefore, she has no claim against Readerlink under Title VII.

3. To the extent Plaintiff purports to assert claims of discrimination or retaliation that were not included in her Charge of Discrimination, she has failed to exhaust her administrative remedies and any claim associated with the alleged conduct is barred and should be dismissed.

4. To the extent that Plaintiff's allegations are based upon any alleged discriminatory, harassing, or retaliatory acts that occurred more than 300 days prior to Plaintiff's filing of the Charge with the EEOC, such allegations are barred as untimely.

5. To the extent any alleged intentional discriminatory conduct was committed by Readerlink's agents, which Readerlink denies, said conduct was outside the scope of the agent's authority and was contrary to Readerlink's good faith efforts to comply with applicable law.

6. Readerlink states, as an alternative to other defenses, that to the extent Plaintiff establishes that Readerlink took any action against her due, in any part, to any impermissible factor, it would have taken the same action in the absence of any impermissible motivating factor and therefore, Plaintiff is not entitled to any relief, or in the alternative, any relief to which Plaintiff is entitled is limited as provided by law.

7. Plaintiff is not entitled to compensatory, punitive, or liquidated damages because Readerlink acted in good faith and had reasonable grounds for believing that its actions complied with applicable law.

8. Plaintiff's damages, if any, were caused by Plaintiff's own actions or omissions.

9. Any adverse action taken by Readerlink against Plaintiff was taken for legitimate, non-discriminatory reasons.

10. Readerlink is entitled to a setoff or credit with respect to any amount that might be awarded to Plaintiff in the amount of Plaintiff's interim earnings, benefits, or other compensation and/or in an amount Plaintiff could have earned with reasonable effort.

Pending the conclusion of further discovery and investigation, Readerlink reserves the right to amend, modify, revise or supplement its Answer, and to plead such further affirmative defenses as warranted by the information developed through discovery and proper to the full defense of this litigation.

WHEREFORE, Readerlink Distribution Services, LLC respectfully requests that the First Amended Complaint be dismissed with prejudice, that judgment be entered in Readerlink's favor and against Plaintiff, and that Readerlink be awarded attorneys' fees, costs, and such other relief as may be properly awarded by this Court.

Dated: December 11, 2023
Respectfully submitted,

**READERLINK DISTRIBUTION SERVICES, LLC**

By: */s/ Alexis M. Dominguez*
Alexis M. Dominguez (adominguez@nge.com)
**NEAL, GERBER & EISENBERG LLP**
Two North LaSalle Street
Suite 1700
Chicago, IL 60602-3801
(312) 269-8000

## CERTIFICATE OF SERVICE

I, Alexis M. Dominguez, an attorney, hereby certify that I caused a copy of the foregoing **Defendant Readerlink Distribution Services, LLC's Answer and Affirmative Defenses to First Amended Complaint** to be served pursuant to the Court's ECF system on December 11, 2023 on all counsel of record.

/s/ *Alexis M. Dominguez*
Alexis M. Dominguez

35841089.3